**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FILED

2019 JAN 23 PM 2: 29

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

BRENDA JORDAN,

              Plaintiff,

vs.

                                        CASE NO.: 3:19-cv-102-J-32JBT

FAMILY DOLLAR STORES OF FLORIDA, LLC,

              Defendant.

_____

### NOTICE OF REMOVAL

      Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, a Foreign Limited Liability Company, (hereinafter "FAMILY DOLLAR"), hereby gives notice of Removal of the above captioned action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Jacksonville Division, and respectfully represents as follows:

      1.      On or about January 3, 2019, a Complaint was served on the Defendant, Family Dollar. The civil action entitled *BRENDA JORDAN v. FAMILY DOLLAR STORES OF FLORIDA, LLC* was commenced in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, and assigned Case number 16-2018-CA-008720-XXXX-MA.   This action was filed in the Duval County Circuit Court on December 20, 2018. (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as Exhibit "A").

      2.      This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

      3.      There is complete diversity of citizenship between the parties to this cause. Plaintiff is a citizen of the State of Florida. Defendant is a foreign company duly organized as a limited liability company under the law of the Commonwealth of Virginia. See Composite Exhibit "B."

4.      For purposes of diversity of citizenship, a "limited liability company is a citizen of any state of which a member of the company is a citizen." Thermoset Corp. v. Bldg. Materials Corp. of Am., 849 F. 3d 1313 (11th Cir. 2017) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F. 3d 1020, 1021 (11th Cir. 2004)).

5.      All of Family Dollar's members are citizens of North Carolina or Virginia.  None of the members are citizens of Florida.  See Exhibit "C."  The citizenship of each member is specifically set out as follows:

      a.      Lonnie W. McCaffety, President, North Carolina.

      b.      William Old, Jr., Senior Vice President, Chief Legal Officer, General Counsel, and Secretary, Virginia.

      c.      Sandra Bosica, Assistant Secretary, North Carolina.

      d.      Deborah Miller, Vice President, Virginia.

      e.      CJ York, Assistant Secretary, Virginia.

      f.      Roger Dean, Vice President and Treasurer, Virginia.

      g.      Thomas Schoenheit, Vice President, Assistant General Counsel, and Assistant Secretary, North Carolina.

      h.      Bruce Walters, Vice President, Virginia.

      i.      Jonathan Elder, Vice President of Tax, Virginia.

      j.      Shawnta Totten-Medley, Vice President and Assistant Secretary, Virginia.

6.      This is a purported negligence action brought by the Plaintiff against the Defendant. As is expressly referenced in the Complaint, the Plaintiff is seeking damages in excess of $15,000.00. (See Complaint, paragraph 1). Further, Ms. Jordan alleges in the Complaint that she was injured as a result of Defendant's negligent maintenance of its premises, which caused water bottles to fall on her, and that she has suffered damages including, without limitation;

a.    Bodily injury
b.    Pain and suffering
c.    Disability
d.    Loss of the capacity for the enjoyment of life
e.    Loss of earnings or earning ability
f.    Medical expenses
g.    Aggravation of a previously existing condition

(See Complaint, paragraph 8)

7.     In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Gillinov v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." Gillinov v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d at 1254-1255; *but see* Clifford v. BJ's Wholesale Club, Inc., 2016 LEXIS 147614 (S.D. Fla. 2016). In addition, her claimed need for ongoing medical treatment can be taken into account when determining the amount in controversy. See, La Rocca v. Stahlheber, 676 F.Supp.2d 1347 at 1350 (S.D. Fla. 2009).

8.     Ms. Jordan contends that her losses are permanent or continuing in nature. Correspondence, medical records, and bills received to date indicate that Ms. Jordan sustained injuries to her right shoulder which required surgical repair. She was treated by several doctors for her injuries and will continue to treat for these injuries in the future. She also underwent a surgical procedure, specifically a right shoulder arthroscopy with rotator cuff repair, extensive debridement and synovectomy to treat her shoulder injury. To date, Plaintiff's medical bills total $44,208.90. Before filing her lawsuit, Ms. Jordan submitted a written demand to Family Dollar for "policy limits" which are $1,000,000.00. See Exhibit "D." Since plaintiff demanded, pre-suit, in

3

excess of ten times the amount required to be in controversy for diversity cases, and alleges further damages into the future, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C.1332 (a) of $75,000.00, exclusive of interest and costs.

9.     Since the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C §1332.  As such, this removal action is proper.

10.     Defendant has served the instant Notice of Removal on Plaintiff's counsel. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Fourth Judicial Circuit.

11.     Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, the undersigned Defendant respectfully requests that this action now pending in the Fourth Judicial Circuit in and for Duval County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated:  January 23, 2019.

/s/ Steven L. Worley
Steven L. Worley
Florida Bar No. 0159719
Rami Ashouri
Florida Bar No. 109384
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:  (904) 328-6473
Email:  sworley@carrallison.com
Email: rashouri@carrallison.com
Secondary Email: abruschi@carrallison.com
Secondary Email: sherring@carrallison.com
*Attorneys for Defendant Family Dollar Stores of Florida, LLC*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 23, 2019, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and

a copy of the foregoing to the following:

> Ryan E. Thompson, Esq.
> Farah and Farah, P.A.
> 10 West Adams Street
> Jacksonville, Florida 32202
> Email: rthompson@farahandfarah.com
> Secondary: jwasik@farahandfarah.com
> *Attorneys for Plaintiff*

> /s/ Steven L. Worley
> Rami Ashouri
> *Attorney for Defendant Family Dollar*
> *Stores of Florida, LLC*